IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TEVITA MAILEI,<br><br>Defendant. | CR 17-00157 DKW-RT<br>CV 26-00181 DKW-KJM<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Relying on 28 U.S.C. § 2255, Defendant Tevita Mailei moves for vacatur of his heroin distribution conviction and sentence, claiming that he received ineffective assistance of counsel and that the Court erred in determining the quantity of heroin associated with the charge to which he pled.  Dkt. No. 375.  Because Mailei is unable to show prejudice or that the Court erred, his motion to vacate, Dkt. No. 375, is DENIED.[1]

## BACKGROUND

On March 10, 2017, the United States Attorney initiated a Criminal Complaint against Mailei, Dkt. No. 1, with Rebecca S. Lester appointed as CJA counsel three days later, Dkt. No. 12.  On August 10, 2017, a grand jury returned a Superseding

---

[1]On May 7, 2026, Mailei moved for an expedited ruling on his Section 2255 motion.  Dkt. No. 378.  This order is filed in compliance with that request.

Indictment, charging Mailei with conspiring to distribute, and to possess with the intent to distribute, one kilogram or more of a mixture or substance containing a detectable amount of heroin ("Count 1").  Dkt. No. 92.

On February 22, 2018, Mailei pled guilty to Count 1 of the Superseding Indictment without a plea agreement.  Dkt. No. 155.  At his change of plea hearing, Mailei agreed that he had received enough time to discuss his decision to plead with Lester and was satisfied with her representation.  Dkt. No. 381 at 5:1–11.  Mailei further agreed that he had not been forced or coerced into pleading guilty, *id*. at 6:1–3, and that he faced a mandatory minimum sentence of 10 years' imprisonment, *id*. at 7:1–17.  The Court told Mailei that, because he was not a United States citizen, it was "a virtual certainty" that he would face "immediate removal or deportation" should he plead guilty.  *Id*. at 11:3–13.  Mailei stated that he understood the immigration consequences of his guilty plea.  *Id*. at 11:14.  In his sentencing memorandum, Mailei further acknowledged that he was not a United States citizen and that "his conviction . . . will likely cause him to be deported."  Dkt. No. 200 at 4.

The presentence investigation report ("PSR") authored by the United States Probation Office determined that Mailei should be held responsible for 1.94 kilograms of heroin, which he had possessed with the intent to distribute on May 5, 2017.  Dkt. No. 203 at 11.  The PSR therefore determined a base offense level of 30

was applicable, the level appropriate for a defendant whose offense involved at least 1 kilogram but less than 3 kilograms of heroin. *Id*. The PSR also stated that Mailei was a Lawful Permanent Resident of the United States and, therefore, would face deportation proceedings after sentencing, and that Mailei was "aware that he may be deported as a result of the instant offense," in which case "his family will [nonetheless] remain in the United States." *Id*. at 18.

On June 7, 2018, the parties appeared for sentencing. Dkt. No. 210. At the hearing, the Government argued that Mailei should be responsible for distributing not only the 1.94 kilograms of heroin on March 5, 2017, as stated in the PSR, but also additional quantities of heroin brought into Hawai'i by a co-conspirator. Dkt. No. 345 at 3:17–23. Although Lester asserted that the Court should adhere to the recommendation of the PSR, *id*. at 9:2–11, the Court partially sustained the Government's objection, finding that Mailei was responsible for quantities greater than 3 kilograms. That increased Mailei's base offense level to 32. *Id*. at 9:15–25, 10:1–6. The Court sentenced Mailei to 46 months' imprisonment and five years of supervised release. *Id*. at 35:1–8; Dkt. No. 210.

Judgment entered on June 12, 2018. Dkt. No. 211. Mailei did not appeal.

Nearly eight years later, on May 7, 2026, Mailei filed the instant *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 375. Mailei argues that (1) Lester was ineffective because she failed to advise him that a guilty plea

would result in his deportation; and 2) the Court misstated the drug quantity attributed to him by stating he was "being convicted of possessing 3 kg of heroin during the sentencing trial, which is significantly higher than the 1.7 kg stated in the beginning of the proceedings." *Id*. at 2–4. According to Mailei, that quantity error caused the Court to apply the wrong guideline range, thereby exposing him to a higher sentence than he should have. Mailei lastly claims that he did not learn of his ineffective assistance claim until July 24, 2025,[2] when his removal proceedings became final. *Id*. at 5.[3]

## STANDARD OF REVIEW

Under Section 2255 of Title 28 of the United States Code (Section 2255), "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id*.

---

[2]At another point in his petition, Mailei states that the removal order became final on July 24, *2024*. Dkt. No. 375 at 3. The Court will assume that the later 2025 date—the date more favorable to Mailei—is accurate.

[3]On May 8, 2026, the Government filed a motion for additional time to respond to the instant Section 2255 petition. Dkt. No. 379. Although the Court granted additional time, Dkt. No. 380, no additional briefing is necessary to resolve the pending petition.

To prevail on an ineffective assistance of counsel claim, a petitioner must establish two distinct elements. First, he must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In other words, a petitioner must show *both* that counsel's performance was deficient *and* that the deficiency was prejudicial. *Id*. at 692. With respect to prejudice, when challenging a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Conclusory allegations made with no factual or legal explanation fall well short of stating a cognizable claim for ineffective assistance of counsel. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977) ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal.").

## DISCUSSION

Mailei's Section 2255 motion is denied for several reasons.

First, it is untimely, at least as it relates to Mailei's drug quantity claims. A Section 2255 motion must typically be filed within one year of the date on which the judgment of conviction because final. *See* 28 U.S.C. § 2255(f)(1). Alternatively,

the motion must be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).

Judgment was entered on June 12, 2018, Dkt. No. 211, and Mailei did not appeal.  Therefore, his judgment of conviction became final 14 days later or on June 26, 2018.  *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (explaining that "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari finally denied."); Fed.R.App.P. 4(b)(1)(A)(i) (providing that a defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of judgment).  That means his Section 2255 motion was due one year later or by June 26, 2019.  Mailei, however, did not file his motion until May 7, 2026, nearly seven years too late.  Dkt. No. 375.

To be sure, Mailei offers a singular reason for his tardiness.  Under a section labelled "Timeliness", he claims that he did not learn of his ineffective assistance of counsel claim relating to his deportation until July 24, 2025 when his removal order became final.  Dkt. No. 375 at 5.[4]  True or not, Mailei presents no excuse for why

---

[4]Elsewhere in his motion, Mailei claims that he "found out that [he] might be removable when removal proceedings were *initiated*" against him but does not specify the date of "initiation". Dkt. No. 375 at 3 (emphasis added).  Presumably, the date on which removal proceedings *began*, not the date his removal order became final, would be more relevant to determining when Mailei first learned that he might be deported and, therefore, when his ineffective assistance claim first became

he did not bring his *drug quantity error* claim before now.  His motion does not address timeliness at all with respect to that claim.  Accordingly, at a minimum, that claim is untimely and is dismissed.

Second, even if the Court construed both of Mailei's claims as timely, they would fail on the merits.  For his ineffective assistance of counsel claim, Mailei was obliged to show that the alleged deficiencies of his counsel prejudiced him. *Strickland*, 466 U.S. at 692.  Mailei claims that this prejudice occurred because his counsel, Lester, failed to warn him of the possibility of deportation that would follow his guilty plea.  According to Mailei, had he known of that risk, he would not have pled.  But even if it were assumed that Lester failed to discuss deportation with Mailei, the Court did not.  In fact, at his change of plea hearing, the Court specifically informed Mailei that it was "a virtual certainty" that he would be deported if he entered a guilty plea.  Dkt. No. 381 at 11:3–13.  Mailei acknowledged this risk, responding that he understood the potential immigration consequences. *Id*. at 11:14. The PSR also made the likelihood of deportation clear, Dkt. No. 203 at 18, as did Mailei's own sentencing memorandum, Dkt. No. 200 at 4.  Given this record, Mailei knew of the deportation risk he faced as a result of his guilty plea, even if his counsel

---

known to him.  Regardless, the Court will *assume* Mailei's proposed date of July 24, 2025 is when he learned of his claim, as his ineffective assistance assertion fails, in any event, on the merits.

did not inform him of that risk.  Her alleged ineffectiveness, in other words, did not prejudice him, and Mailei cannot satisfy *Strickland*.

As for Mailei's claim with respect to heroin, he asserts that the Court "miscounted or misstated the drug quantity attributed to [him]."  Dkt. No. 375 at 4. He points to a purported discrepancy that arose during sentencing, in which the Court "repeatedly stated" that Mailei was "being convicted of possessing 3 kg of heroin" rather than the "1.7 kg stated in the beginning of the proceedings."  *Id*. at 2.

There was, however, no discrepancy.  The PSR proposed that Mailei be held responsible for 1.94 kilograms of heroin.  Dkt. No. 203 at 11.  The Court explained that at sentencing.  Dkt. No. 345 at 3:17–23.[5]  The Government, however, objected, pointing out that Mailei should be responsible for additional deliveries of heroin that took the relevant quantity to levels far above what the PSR acknowledged.  *Id*. at 5:1–8:24; Dkt. No. 203 at 11.  The Court partially sustained the Government's objection, resulting in Mailei being held responsible for roughly 3 kilograms, instead of 1.94 kilograms.  The objection and the Court's reasoning were both laid out in detail during the sentencing hearing.  *Id*. at 9:12–10:6.  Mailei offers no explanation why that reasoning was faulty or why the Court's reassessment of quantity was in error.  Accordingly, there are no grounds to grant the motion as to this claim.

---

[5]Where Mailei comes up with 1.7 kilograms is unclear.  He does not reference any source.  Dkt. No. 375 at 2.

In denying the Section 2255 Motion, the Court must also address whether to issue a Certificate of Appealability ("COA"). *See* R. 11(a), Rules Governing Section 2255 Proceedings. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met only when the applicant shows that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted). In light of the findings herein, the Court concludes that reasonable jurists would not debate the resolution of the Section 2255 Motion. Accordingly, the Court DENIES the issuance of a COA.[6]

## CONCLUSION

For the foregoing reasons, the Court DENIES the Section 2255 Motion, Dkt. No. 375, and DENIES a COA.

IT IS SO ORDERED.

DATED: May 13, 2026 at Honolulu, Hawai'i.



_____
Derrick K. Watson
Chief United States District Judge

---

[6]In his motion, Mailei briefly requests an evidentiary hearing, without elaboration. Dkt. No. 375 at 5. Pursuant to Section 2255(b), a court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). As the Court has detailed herein, the record conclusively shows that Mailei is not entitled to the relief. Accordingly, an evidentiary hearing is not warranted.